[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13116
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60030-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE MICHAEL BRASLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2014)

Before HULL, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Shane Braslow challenges his convictions for production of child pornography, 18 U.S.C. § 2251(a), and inducing a minor to engage in sexual activity, *id.* § 2322(b). We affirm.

## I. BACKGROUND

Braslow approached a woman, Zouaine Delacruz, pointed a camera at her, and told her he was taking photographs "to put online." He later grabbed Delacruz and attempted to drag her into nearby bushes, but she escaped. Delacruz then gave information to the police that identified Braslow's vehicle. Delacruz later identified Braslow as her attacker. The police obtained a warrant to search Braslow's home for evidence of his crimes against Delacruz and seized a computer from Braslow's house. The computer contained video recordings that depicted prepubescent children engaged in sexual conduct.

A federal grand jury indicted Braslow on charges of producing child pornography and inducing a minor to engage in sexual activity. Braslow moved the district court to suppress the evidence obtained from his house on the ground that the search warrant was defective. The district court denied his motion. Braslow then pleaded guilty to the charges, but reserved the right to appeal the denial of his motion to suppress.

## II. STANDARDS OF REVIEW

This appeal is governed by two standards of review. We review *de novo* whether an affidavit for a search warrant established probable cause. *United States v. Mathis*, 767 F.3d 1264, 1274–75 (11th Cir. 2014). We review a denial of a request for a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978), for abuse of discretion. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014).

## III. DISCUSSION

Braslow makes two arguments to support his contention that the evidence from his computer should have been suppressed, but both arguments fail. We discuss each argument in turn.

First, Braslow argues that the evidence from his computer should be suppressed because the search warrant was not supported by probable cause, but we disagree. "To obtain a warrant, police must establish probable cause to conclude that there is a fair probability that contraband or evidence will be found in a particular place." *United States v. Gibson*, 708 F.3d 1256, 1278 (11th Cir. 2013). The affidavit established that Braslow was at his house when police arrested him, that he had changed clothes since the crime, and that he made statements about uploading photographs to the internet. Based on this information, there was a

3

"fair probability" that the house contained evidence of Braslow's alleged crimes against Delacruz. *Gibson*, 708 F.3d at 1278

Second, Braslow contends that the district court erred when it denied his request for a hearing to establish that the search warrant was based on "false or recklessly misleading statements," *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978), but this argument fails too. A *Franks* hearing is warranted only "where a defendant 'makes a substantial preliminary showing' that an affiant made intentionally false or recklessly misleading statements (or omissions), and those statements are 'necessary to the finding of probable cause.'" *Barsoum*, 763 F.3d at 1328 (quoting *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676). Braslow alleged that the affiant falsely stated that Delacruz had said that Braslow changed clothes and deliberately omitted statements that his girlfriend made about the camera, but Braslow presented no evidence that the allegedly false statement or omissions were deliberate or reckless. The district court did not abuse its discretion when it refused to hold a hearing.

And even if the affiant's alleged errors were deliberate, they would not affect the "finding of probable cause." *Id.* at 1328. The police knew that Braslow had changed his clothes; the affiant, at worst, misidentified only the source of that information. And the omitted statements established only that Braslow's girlfriend had not seen photographs from Braslow's camera on his computer or seen his

4

camera in the house, during the twenty minutes she was there that morning. But based on Braslow's own statements that he was taking photographs of Delacruz to "put online," there was still a "fair probability" that evidence related to his crime would be found in his house and on his computer. *Gibson*, 708 F.3d at 1278.

## IV. CONCLUSION

We **AFFIRM** Braslow's convictions.